IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL VAN MATHIS, | No. C 14-1966 DMR (PR) |
| Plaintiff, | **ORDER OF SERVICE; PARTIAL DISMISSAL; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS** |
| vs. | |
| ALAMEDA COUNTY SHERIFF'S DEPUTY D. MILLS, | |
| Defendant. | |

Plaintiff, who is currently incarcerated at the Santa Rita Jail ("SRJ") in Alameda County, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SRJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Alameda County Sheriff's Deputy/Intake Officer Dalton; U.S. Security Associates Security Guards Veronica Mora and Michael Toy; Safeway Grocery; San Leandro Police Officer Justin Blankinship #351; Sergeant R. MacIntire; and Lt. Nobriga #1355. Plaintiff seeks monetary damages.

Plaintiff requests the Court to appoint counsel to represent him in this action. Dkt. 1 at 3. Plaintiff has also filed a request for leave to amend the complaint to replace Defendant Dalton with Deputy D. Mills and to add Plaintiff Arage Hayes to this action (Dkt. 6 at 4) as well as a request for leave to amend the complaint to add various additional claims (Dkts. 6, 8). Plaintiff's requests for

leave to amend the complaint are GRANTED in part and DENIED in part, as specified below.

## DISCUSSION

### I.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### II.    Legal Claims

#### A.     Excessive Force Claim

Plaintiff alleges that on November 2, 2013, Defendant Mills, who worked as an intake officer at SRJ, used excessive force when he handcuffed Plaintiff behind his back and twisted his left index finger until it broke. Dkt. 1 at 3; Dkt. 6 at 3.[1] The Court notes that because Plaintiff was a post-arrest, pre-arraignment detainee at the time of the incident, Defendant Mills's alleged use of force is governed by the Fourth Amendment. *See Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996); *cf. Graham v. Connor*, 490 U.S. 386, 395 n.10. (1989) (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment). Liberally construed, Plaintiff's allegations state a cognizable excessive force claim against Defendant Mills.

---

[1] Plaintiff initially named Defendant Dalton as the officer who broke his finger, dkt. 1 at 3; however, Plaintiff has since requested the Court for leave to amend his complaint to add "Deputy D. Mills" as "he was the deputy that broke my finger," dkt. 6 at 3. Plaintiff's motion for leave to amend his complaint to replace Defendant Dalton and add Defendant Mills is GRANTED. Dkt. 6.

2

### B.     Isolation

Plaintiff also contends that Defendant Mills placed him in "isolation for more than 15 hrs." Dkt. 1 at 3.

As mentioned above, Petitioner was a pretrial detainee at the time of the alleged incident. Thus, this claim arises under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause because he was a pretrial detainee.  However, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).  A prison or jail official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Here, given that Plaintiff was only in the isolation unit for fifteen hours, such an allegation is insufficient to state a plausible claim that his Eighth Amendment rights were violated.

Accordingly, this claim under the Fourteenth Amendment's Due Process Clause is DISMISSED for failure to state a cognizable claim for relief.

### C.     Claims Relating to the Grievance Process

Plaintiff alleges that Defendants MacIntire and Nobriga denied his grievances.  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").  Plaintiff has therefore failed to state a claim against Defendants MacIntire and Nobriga.  Accordingly, Plaintiff's claim against Defendants MacIntire and Nobriga relating to the grievance process is DISMISSED with prejudice.

### D.     Improperly Joined Claims

Plaintiff's remaining claims are as follows:  (1) the November 23, 2013 incident involving Defendants Mora and Toy's alleged use of force near the Safeway Grocery at 699 Lewelling Blvd. in San Leandro; and (2) Defendant Blankinship's failure to return Plaintiff's vehicle after the incident

on November 23, 2013. Dkt. 1 at 3. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." The Defendants listed directly above are involved in a November 23, 2013 cause of action that is unrelated to the use of excessive force incident involving Defendant Mills on November 2, 2013. These claims are not based on the same transaction or occurrence or series of transactions and occurrences; and there are not questions of law or fact common to all of the defendants. The Defendants listed above do not satisfy the joinder requirements under Rule 20(a)(2) with the excessive force claim against Defendant Mills. The improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the Court dismisses Defendants Mora, Toy, Safeway Grocery, and Blankinship from this action. The dismissal of these improperly joined parties is without prejudice to Plaintiff filing a new action asserting claims against them in state or federal court.

Similarly, the Court DENIES Plaintiff's request for leave to amend the complaint to add the following improperly joined claims relating to: (1) SRJ officials' failure to issue bars of soap and cleaning supplies to inmates (dkt. 6 at 3-4); (2) SRJ officials' "overt racist [actions] and discrimination" for forcing black inmates to listen to "music that[']s not for [them]" (*id.* at 4); and (3) Dr. D. Moore's and Corizon Health Care Service's denial of Plaintiff's request for an extra mattress (dkt. 8 at 1-2). Again, Plaintiff may choose to pursue these claims in new actions asserting such claims against the relevant persons in state or federal court.

**IV.   Plaintiff Arage Hayes**

Plaintiff request for leave to amend the complaint to add inmate Arage Hayes as a Plaintiff in this action is DENIED. Dkt. 6 at 4. Plaintiff is proceeding *pro se* and in that status he cannot represent anyone other than himself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself").

**V.   Motion to Appoint Counsel**

Plaintiff's motion to appoint counsel (dkt. 1 at 3) is DENIED without prejudice. The

decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has not shown that exceptional circumstances exist in this case.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegations state a cognizable excessive force claim against Defendant Mills. The Court GRANTS Plaintiff's motion for leave to amend the complaint to replace Defendant Dalton with Defendant Mills; therefore, all claims against Defendant Dalton are DISMISSED.

2. Plaintiff's claim that Defendant Mills placed him in isolation unit for fifteen hours is insufficient to state a plausible claim that his rights were violated; therefore, it is DISMISSED for failure to state a cognizable claim for relief.

3. Plaintiff's claim against Defendants MacIntire and Nobriga relating to the grievance process is DISMISSED with prejudice.

4. Plaintiff's claims against Defendants Mora, Toy, Safeway Grocery, and Blankinship are DISMISSED from this action. The dismissal of these improperly joined parties is without prejudice to Plaintiff filing a new action asserting claims against them in state or federal court.

5. Plaintiff's requests for leave to amend the complaint is GRANTED in part and DENIED in part, as specified above.

6. Plaintiff's motion to appoint counsel (dkt. 1 at 3) is DENIED without prejudice.

7. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and

all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to: **Alameda County Sheriff's Deputy/Intake Officer D. Mills.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Alameda County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

8. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

9. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A

1 motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will 2 have fair, timely and adequate notice of what is required of him in order to oppose the motion. 3 *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be 4 served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust 5 available administrative remedies must be accompanied by a similar notice.  However, the Court 6 notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the 7 face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the 8 previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino*, 747 F.3d at 1166 9 (overruling *Wyatt*, 315 F.3d at 1119, which held that failure to exhaust available administrative 10 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised 11 by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear 12 on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a 13 motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most 14 favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under 15 Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district 16 judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

17 If Defendant is of the opinion that this case cannot be resolved by summary judgment, 18 Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All 19 papers filed with the Court shall be promptly served on Plaintiff.

20 b. Plaintiff's opposition to the dispositive motion shall be filed with the Court 21 and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's 22 motion is filed.

23 c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the 24 Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do 25 in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted 26 when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

        Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

        (The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

     e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    10.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

    11.     All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

    12.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

    13.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    14.     This Order terminates Docket Nos. 6 and 8.

IT IS SO ORDERED.

Dated: September 15, 2014

DONNA M. RYU
United States Magistrate Judge